IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| OLUSEGUN OKAKEKAN AKINRUNTAN       ) | |
| ) | |
| Petitioner,       ) | |
| ) | |
| v.       ) | 4:13-cv-0010-JHH-JEO |
| ) | |
| ERIC H. HOLDER, United States       ) | |
| Attorney General, et al.,       ) | |
| ) | |
| Respondents.       ) | |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241.  It was filed by Olusegun Okakekan Akinruntan ("Petitioner"), *pro se*, who raises claims related to his detention pending his removal from the United States pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.  (*See* Doc. 1 at 1-25 ("Petition" or "Pet."); *see also generally Zadvydas v. Davis*, 533 U.S. 678 (2001).  After Petitioner was released under an order of supervision, the Respondent moved to dismiss the action as moot.  (Doc. 14).  On September 30, 2013, the magistrate judge entered a Report and Recommendation pursuant to 28 U.S.C. § 636(b) in which he recommended as follows: (1) that Respondents' motion to dismiss as moot be granted in part, as it relates to his habeas claims challenging his prior detention; (2) that Petitioner's claims be denied insofar as Petitioner asserts that he is not subject to a final order of removal and contests any conditions imposed by his order of supervision; and (3) that Petitioner's remaining claims, which raise constitutional challenges to the conditions of his prior confinement and access to courts, be dismissed without prejudice because they are not cognizable on habeas review.  (Doc. 18).  No objections were filed to the Report and Recommendation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. Accordingly, Respondents' motion to dismiss the action as moot (Doc. 14) is due to be GRANTED IN PART, as it relates to Petitioner's habeas claims challenging the legality of his prior detention, which are thus due to be DISMISSED AS MOOT. To the extent that Petitioner's claims in the petition are not moot, they are due to be DENIED IN PART and DISMISSED WITHOUT PREJUDICE IN PART. The claims are due to be DENIED insofar as Petitioner asserts that he is not subject to a final order of removal and contests any conditions imposed by his order of supervision. The remaining claims, which raise constitutional challenges to conditions of confinement and access to courts, are due to be DISMISSED WITHOUT PREJUDICE. A separate final judgment will be entered.

     **DONE** this the ___12th___ day of November, 2013.

                                                        */s/ James H. Hancock*
                                             SENIOR UNITED STATES DISTRICT JUDGE